```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**FAY LUNDY and JOEL LUNDY**                                      **PLAINTIFFS**

VS.                                    CIVIL ACTION NO. 3:05cv477-WHB-JCS

**CONOCO INC., ET AL.**                                           **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Summary Judgment. The Court has considered the Motion, Response, Rebuttal, attachments to each, as well as supporting and opposing authorities, and finds that the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

Fay Lundy ("Lundy") was employed as a co-manager at various Conoco Superstop locations in Mississippi from 1986 through 1998. As part of her employment, Lundy was required to measure the amount of gasoline in the storage tanks, pump gasoline for customers, clean gasoline pumps and toppers, and change pump filters. Lundy alleges that she was repeatedly exposed to gasoline and other "toxic and carcinogenic chemicals and substances" including benzene while performing these tasks.

In August of 2002, Lundy was diagnosed with Acute Promyelocytic Leukemia ("APL"), which is a subtype of Acute

Myelogenous Leukemia ("AML"). Plaintiffs allege that the APL was proximately caused by Lundy's exposure to gasoline and other benzene-containing products. On July 1, 2005, Plaintiffs filed a lawsuit in the Second Judicial District of the Circuit Court of Hinds County, Mississippi, seeking to recover personal injury, loss of consortium, and punitive damages through claims of strict liability, negligence, and breach of warranty. The lawsuit named as defendants Cliburn Truck Lines, Inc. ("Cliburn"), the alleged supplier and distributor of the gasoline to which Lundy was exposed; and Defendants Conoco, Inc., and ConcoPhillips Company ("Conoco"), the alleged refiners and producers of the subject gasoline.[1] The case was timely removed to federal court on the basis of diversity of citizenship jurisdiction. By an Order entered on October 26, 2005, Cliburn was dismissed as a defendant on the basis of improper joinder, and the Court found it could properly exercise federal subject matter jurisdiction over this case. Conoco now moves for summary judgment on all of Plaintiffs' claims.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith

---

[1] ConocoPhillips Company is the successor by merger to Conoco, Inc.

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim. Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate

3

"specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Legal Analysis

**A.  Product Defect Claims**

In support of their products liability claim:  "Plaintiffs allege that Conoco knew or should have known the danger that their product caused as well as allege that Conoco failed to provide adequate warnings to individuals, just like Ms. Lundy, that would be expected to work around the product for a lengthy amount of time."  Mem. in Supp. of Resp. to Mot. for Summ. J., at 4-5. Likewise, in support of their negligence claim, Plaintiffs argue: "Conoco knew of the dangers of its products, and failed to warn or protect those that would be exposed to the product."  Id. at 6.

The Court finds that the failure to warn/inadequate warnings claims, regardless of the fact that Plaintiffs labeled one claim "products liability" and the other "negligence", are both governed by the Mississippi Products Liability Act ("MPLA"). See MISS. CODE ANN. § 11-1-63 (specifying that the MPLA applies to "any action for damages caused by a product"); Palmer v. Volkswagon of Am., Inc., 905 So. 2d 564, 600 (Miss. Ct. App. 2003) (finding, in cases in which "the jury is instructed pursuant to the MPLA, the court need not present the jury with a separate negligence instruction on inadequate warnings."), rev'd on other grounds 904 So. 2d 1077 (Miss. 2005).[2]

The MPLA provides, relevant to a failure to warn/inadequate warnings claim:

> (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
> ....

---

[2] See also Nunnally v. R.J. Reynolds Tobacco Co., 869 So. 2d 373, 380 (Miss. 2004)(finding that the plaintiff was not entitled to a separate negligence instruction on the issue of defective design in a case in which the jury was instructed in accordance with the MPLA); Hunter v. General Motors Corp., 729 So. 2d 1264, 1277 (Miss. 1999) (finding: "An examination of the risk-utility test [embraced by the MPLA] establishes that the test is essentially a negligence test, and [there was] ... no error in failing to grant a negligence instruction in addition to the risk-utility test.").

5

> (i)2. The product was defective because it failed to contain adequate warnings or instructions, [and]
>
> ....
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.
>
> ....
>
> (c)(i) In any action alleging that a product is defective because it failed to contain adequate warnings or instructions pursuant to paragraph (a)(i)2 of this section, the manufacturer or seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller, the manufacturer or seller knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition.
>
> (ii) An adequate product warning or instruction is one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product ...

6

MISS. CODE ANN. § 11-1-63.³ Conoco argues that it is entitled to summary judgment on the failure to warn/inadequate warnings claims because Plaintiffs have not designated any expert, or otherwise produced any evidence, to establish that the subject gasoline failed to contain an adequate warning or instruction for safe use. Plaintiffs do not dispute that their experts have not given any opinions to support their failure to warn/inadequate warnings claims, and a review of Plaintiffs' expert designations reveals that such opinions have not been tendered.⁴

On the issue of whether expert testimony is required to support a failure to warn/inadequate warnings claim, federal courts applying Mississippi law, have found that such testimony is a prerequisite on all strict liability claims. See e.g. Hammond v. Coleman, Inc., 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999), aff'd 209 F.3d 718, (finding that without expert testimony on the issues of manufacturing defect, design defect or inadequate warnings, the plaintiff "failed to offer proof on a matter [on] which he bears

---

³ The Mississippi Supreme Court has recognized two types of inadequate warning claims: (1) claims that "warnings which were not given, should have been" and (2) claims that "warnings which were given, were defective." See Palmer, 904 So. 2d at 1083–84.

⁴ A review of Plaintiffs' expert designations likewise reveals that their experts have not given any opinions regarding whether the gasoline to which Lundy was exposed deviated from the manufacturer's specifications or was defective in its design, which are the other two theories of liability under the MPLA. See MISS. CODE ANN. § 11-1-63(i)(1)&(3). As Plaintiffs have not argued either of these alternate theories in support of their products liability claim, the Court deems these theories abandoned.

the burden of proof at trial."); <u>Henson v. Lowe's Home Ctrs., Inc.</u>, Civil Action No. 1:00CV302, 2001 WL 1523846, *1 (N.D. Miss. Apr. 26, 2001)(finding that a plaintiff could not recover in a products liability case in which he did not offer expert testimony relating to manufacturing defects, design defects, or warning/instruction defects).  <u>See also</u> <u>Wyeth Labs., Inc. v. Fortenberry</u>, 530 So. 2d 688, 692 (Miss. 1988) (finding, in a pharmaceutical liability case, "[e]xpert testimony may be necessary to assist the trier of fact to understand the evidence to determine a fact in issue when the issue presented requires scientific, technical or other specialized knowledge...  Where the adequacy of the warning is not obvious to the ordinary layperson it is necessary to have expert testimony as to this issue.") (alterations in original).

Assuming *arguendo* that expert testimony would not be required on Plaintiffs' failure to warn/inadequate warnings claims in this case, Plaintiffs have not otherwise presented any evidence in support of these claims.  The record shows that: (1) gasoline produced by Conoco contains benzene; (2) benzene is a known carcinogen; (3) Lundy was exposed to gasoline containing benzene during the course of her employment; (4) Lundy was diagnosed with leukemia; and (5) Lundy's experts opine that her leukemia was proximately caused by exposure to benzene.  The record also shows that a general warning was placed on the side of gas pumps, which provides, in relevant part:

```
               GASOLINE HEALTH WARNING
               LONG-TERM EXPOSURE TO VAPORS HAS
               CAUSED CANCER IN LABORATORY ANIMALS.
               AVOID PROLONGED BREATHING OF VAPORS.
               KEEP FACE AWAY FROM NOZZLE AND GAS TANK.

               DANGER WARNING

               ....

               KEEP AWAY FROM EYES AND SKIN
               FAILURE TO USE CAUTION MAY CAUSE
               DEATH, SERIOUS INJURY OR ILLNESS.
```

See Mem in Resp. to Mot. for Summ. J., at 5 & Ex. G.  While Plaintiffs allege that "adequate information and warnings were not included" in the general warning that was given, Plaintiffs have not offered evidence to support this allegation.  The Court was not presented any evidence or argument explaining the reason the given warning was inadequate.  The Court was not provided any evidence regarding the type of information or instructions Plaintiffs contend should have been included in the warning, or the manner in which the warning should have been presented.  Finally, the Court was not provided any evidence to show that had some other "adequate" warning been given, Lundy would have read and heeded it, thus preventing her injury.  See Harris v. International Truck and Engine Corp., 912 So. 2d 1101, 1109-10 (Miss. Ct. App. 2005) (finding that a plaintiff, to support an inadequate warning claim, is not entitled to a heeding presumption but, instead, must prove "if adequate instructions and warnings had been given, he ... would have read and heeded them.").  See also 3M Co. v. Johnson, 895 So.

9

2d 151, 166 (Miss. 2005) (finding that a product manufacturer was entitled to a JNOV on an inadequate warning claim as "the plaintiffs failed to demonstrate that some other warning would have given them additional information that they did not already know and that they would have acted upon that new information in a manner that would have avoided their injuries."); Wyeth Labs., 530 So. 2d at 691 (finding that a plaintiff has the burden to prove that an adequate warning would have altered his physician's conduct when prescribing medical treatment).

As Plaintiffs have not presented any evidence to support their failure to warn/ inadequate warnings claims, the Court finds they have failed to establish a genuine issue of material fact with regard to these claims.  Accordingly, the Court finds that Conoco is entitled to summary judgment on these claims.

**B.   Breach of Implied Warranties**

In their Complaint, Plaintiffs allege that Conoco breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.  See Compl. at ¶¶ 30-31.  The implied warranty of merchantability is codified at Mississippi Code Annotated Section 75-2-314, which provides, in relevant part:

> (1) [A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind...

>   (2) Goods to be merchantable must be at least such as:
>
>   ....
>
>   (c) Are fit for the ordinary purposes for which such goods are used[.]

MISS. CODE ANN. § 75-2-314 (2002). To establish a claim of breach of the implied warranty of merchantability, a plaintiff must show that the subject goods are not fit for the ordinary purpose for which such goods are used. See e.g. Massey-Ferguson, Inc. v. Evans, 406 So. 2d 15, 17 (Miss. 1981)(finding that a manufacturer breaches the implied warranty of merchantability when it sells a good that is not "fit for the ordinary purpose for which such goods are sold."). See also Royal Lincoln-Mercury Sales, Inc. v. Wallace, 415 So. 2d 1024 (Miss. 1982)(indicating that a claim of breach of implied warranty of merchantability requires evidence that the product was not "fit for the ordinary purpose for which it was purchased.").

In the case *sub judice*, Plaintiffs have not presented any evidence to show that the subject gasoline was not fit for the ordinary purpose for which it was sold – i.e. operating motor vehicles and other combustion engines. Accordingly, the Court finds that Conoco is entitled to summary judgment on Plaintiffs' breach of implied warranty of merchantability claim.

Mississippi Code Annotated Section 75-2-315 governs Plaintiffs' claim of breach of the implied warranty of fitness for a particular purpose. This statute provides, in relevant part:

> [W]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose.

MISS. CODE ANN. § 75-2-315. In order to recover on a claim of breach of the implied warranty of fitness for a particular purpose, a plaintiff must prove the presence of the implied warranty by establishing: "(1) the seller at the time of the contracting had reason to know the particular purpose for which the goods were required, (2) the reliance by the plaintiff as buyer upon the skill or judgment of the seller to select suitable goods, and (3) the goods were unfit for the particular purpose." Lacy v. Morrison, 906 So. 2d 126, 131 (Miss. Ct. App. 2004). See also Global Truck & Equip. Co., Inc. v. Palmer Mach. Works, Inc., 628 F. Supp. 641 (N.D. Miss. 1986).

In the case *sub judice*, Plaintiffs have not submitted any evidence regarding any of the elements necessary to establish a viable claim of breach of the implied warranty of fitness for a particular purpose. Accordingly, the Court finds that Conoco is entitled to summary judgment on this claim.

## IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgment [Docket No. 69] is hereby granted.  A Final Judgment will be entered dismissing this case with prejudice.

SO ORDERED this the 9th day of November, 2006.

                                                      s/ William H. Barbour, Jr.
                                                     UNITED STATES DISTRICT JUDGE